UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 73.93.83.221,<br><br>                Defendant. | Case Number: 3:25-cv-05496-AMO<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO FILE THIRD PARTY SUBPOENA** |

      Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Strike 3 seeks a subpoena to compel non-party Comcast Cable Communications, LLC to identify the unknown individual associated with the IP address 73.93.83.221. Based on Strike 3's submissions, the Court **GRANTS** leave to serve a subpoena with specific conditions provided below. Because many courts have raised concerns that Strike 3 could be pursuing potentially innocent ISP account owners who are often embarrassed into early settlements, the identity of the Doe Defendant **SHALL** be protected unless and until further order by the Court.

## I. BACKGROUND

Strike 3 owns the copyrights for several adult motion pictures that are associated with and distributed through various adult websites. Compl. ¶¶ 1-3, ECF 1. Using a specialized infringement detection system it developed, Strike 3 discovered the IP address of the Doe Defendant who allegedly infringed upon its copyrights. *Id*. ¶¶ 28-29. Specifically, the Complaint alleges that the Defendant used BitTorrent's file network to illegally download and distribute about 27 media files of Strike 3's copyrighted material. *Id.* ¶¶ 29, 38; *see also id.*, Ex.A.

On 06/20/2025, Strike 3 filed the Complaint in this case, asserting one claim of direct copyright infringement and seeking an injunction and statutory damages. *Id*. at 7-8.

## II. LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" in support of early discovery. *See*, e.g., *10 Grp., Inc. v. Does 1-65*, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a

complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

### III.   DISCUSSION

#### A.   Strike 3's Litigation History

As some courts in this District have done, before turning to the merits of the application, the Court believes that an overview of Strike 3's litigation history would provide useful context for the Doe Defendant or any other party who may receive this Order. *See*, e.g., *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 98.47.46.165*, No. 24-CV-00989-EJD, 2024 WL 1354465, at *2 (N.D. Cal. Mar. 29, 2024). Especially given the informational disparity and matrix of undesirable options facing an ISP subscriber served with such a complaint, this context will hopefully reduce the prejudice that individual may face.

Strike 3 has filed thousands of similar lawsuits and requests to subpoena subscriber information from ISPs, such as Comcast Cable Communications, LLC. *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *2 (N.D. Cal. Sept. 22, 2023) (collecting cases). At least one federal judge has also openly characterized Strike 3 as a "copyright troll" that uses its "swarms of lawyers [to] hound people who allegedly watch their content through BitTorrent." *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161-62 (D.D.C. 2018) (describing the copyright troll's strategy as "file a deluge of complaints; ask the court to compel disclosure of the account holders; settle as many claims as possible; abandon the rest"), *rev'd and remanded*, 964 F.3d 1203 (D.C. Cir. 2020).

In practice, once subscribers are alerted that they are being sued for uploading pornography, they may be pressured to quickly settle the matter to avoid the risk of having their names publicly associated with the lawsuit or the costs of hiring an expensive copyright legal specialist. *See Strike 3 Holdings, LLC*, 2023 WL 6542326, at *2; *see also Strike 3 Holdings*, 351

F. Supp. 3d at 162 ("[O]nce the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites *Vixen*, *Blacked*, *Tushy*, and *Blacked Raw*."). As a result, many innocent ISP subscribers would be pressured to settle, even though several courts have observed that "ISP subscribers may not be the individuals who infringed upon Strike 3's copyright." *Strike 3 Holdings, LLC v. Doe*, No. 3:23-CV-01977-LB, 2023 WL 4003723, at *3 (N.D. Cal. May 9, 2023) (collecting cases); *see also Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("[I]nferring the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show."). Moreover, if a defendant moves to confront a "copyright troll" or exhibits any serious resistance, the company can simply drop the case and avoid any unfavorable judicial rulings. *See Strike 3 Holdings*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense.").

**B. Good Cause**

Turning to the merits of Strike 3's *ex parte* application, the Court finds that Strike 3 has demonstrated good cause for this early discovery under the four seescandy.com factors. *See* 185 F.R.D. at 578-80.

First, the Court finds that Strike 3 has identified the Doe Defendant with sufficient specificity for the Court to determine that the Doe Defendant is a real person who may be sued in federal court. The Complaint alleges that BitTorrent's protocols require the activity of a human user to share movies within the BitTorrent network. Compl. ¶¶ 18-27. Strike 3 also used Maxmind geolocation technology to trace the IP address it procured through its VXN Scan detection software to a geographic location within this district. *Id.* ¶ 9.

Second, Strike 3 has recounted the steps it took to locate and identify the Doe Defendant. In addition to the geolocation and infringement detection technology described immediately above, Strike 3 has attempted to associate the IP address with a defendant individual using various

web search tools and consultations with computer investigators and cyber security consultants. Appl. 10.

Third, Strike 3 has preliminarily demonstrated that its action can withstand a motion to dismiss. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). A copyright holder's rights under Section 106 include the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. 17 U.S.C. § 106. Here, Strike 3 alleges that it owns the copyrights to adult movies that the Doe Defendant downloaded, copied, and distributed without permission. Compl. ¶¶ 29, 44. Accepting these allegations as true, the Court finds that the Complaint may withstand a motion to dismiss.

Finally, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on the Doe Defendant. Specifically, Strike 3 seeks the name and address of the Doe Defendant and has represented that the "only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant' s ISP." Appl. 6 (citing *BMG Rts. Mgmt. (US) LLC v. Cox Commc'ns, Inc.,* 881 F.3d 293,299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity.")).

In sum, the Court finds that Strike 3 has satisfied all four seescandy.com factors and presented good cause for its requested expedited discovery.

**C.  Protective Order**

Even though Strike 3 is entitled to a pre-discovery subpoena, the Court retains authority under Federal Rule of Civil Procedure 26(c) to grant a sua sponte protective order for good cause. *See, e.g., McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); Fed. R. Civ. P. 26(c).

In this case, the Court finds that there is good cause to implement limited protective measures to shield a potential innocent and unwitting ISP subscriber from undue prejudice. Strike 3 does not oppose establishing procedural safeguards to respect privacy interests. Appl. 12-13.

Consistent with the protective measures undertaken by many other courts in this district, the Court will employ procedures to treat as confidential any personal information regarding the Doe Defendant that Comcast Cable Communications, LLC produces to Strike 3. The Court will also permit and consider any request by the Doe Defendant to proceed anonymously under a pseudonym.

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Strike 3s *Ex Parte* Application with respect to Defendant Doe, Subscriber Assigned IP Address 73.93.83.221, as follows:

1. Within 21 days of this Order, Strike 3 **MAY** serve a Rule 45 subpoena on Comcast Cable Communications, LLC ("ISP"), commanding the ISP to provide Strike 3 with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Strike 3 **SHALL** attach a copy of this Order to any such subpoena.

    a. Strike 3 **MAY** serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

    b. If the ISP qualifies as a "cable operator" per 47 U.S.C. § 522(5), then it shall comply with 47 U.S.C. § 551(c)(2)(B) by sending a copy of this Order to Defendant.

2. Within thirty (30) days of being served by Strike 3, the ISP **SHALL** serve the Doe Defendant subscriber assigned the IP address 73.93.83.221 with a copy of the subpoena and this Order.

3. Within thirty (30) days after he or she has been served with the subpoena and this Order, the Doe Defendant **MAY** file a motion to contest the subpoena, including a motion to

quash or modify the subpoena. The Doe Defendant **MAY** appear and proceed before this Court under a pseudonym by requesting that their personal identifying information be filed under seal.

        c. If the Doe Defendant does not contest the subpoena within thirty days, the ISP may produce the information responsive to Strike 3's subpoena within ten (10) days.

4. Strike 3 **MAY** only use the information disclosed in response to its subpoena for the purpose of protecting and enforcing its rights as set forth in the Complaint. Strike 3 **MAY NOT** publicly disclose the information obtained from its subpoena without leave of this Court. All references to the Doe Defendant's identity **SHALL** be redacted and filed under seal until further notice.

5. Comcast Cable Communications, LLC or any other ISP that receives a subpoena pursuant to this Order **SHALL** confer with Strike 3 and **MAY NOT** assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for the billing summary and costs claimed by the ISP.

6. Comcast Cable Communications, LLC or any other ISP that receives a subpoena pursuant to this Order **SHALL** preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

IT IS SO ORDERED.

Dated: July 28, 2025

                                                        _____
                                                        **ARACELI MARTÍNEZ-OLGUÍN**
                                                        **United States District Judge**

7

[Proposed] Order on *Ex-Parte* Application for Leave to Serve Third-Party Subpoena Prior to a Rule 26(f) Conference
Case No. 3:25-cv-05496-AMO